# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES W. THOMAS,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0351** (BOR Appeal No. 2050773)
                    (Claim No. 2000061949)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**SMITH SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W. Thomas, by Jerome J. McFadden, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jerad K. Horne, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 9, 2016, in which the Board appealed an August 12, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 7, 2015, decision which denied the medications Ultram, Voltaren, Zantac, and TENS unit supplies. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Thomas, an electric motor repairman, was injured in the course of his employment on May 31, 2000, when he was pulling on a ratchet and a bar slipped, causing him to fall backwards. An MRI taken five months later showed herniated discs at L4-5 and L5-S1, spinal stenosis, and paravertebral muscular spasm. A treatment note by Clifford Carlson, M.D., dated November 21, 2000, indicates Mr. Thomas fell when his right leg gave out. Dr. Carlson stated that it appeared this injury was related to his original back injury.

Robert Kropac, M.D., performed an independent medical evaluation on February 19, 2001, in which he diagnosed cervical/dorsal muscoligamentous strain, lumbar disc herniation at L4-5 and L5-S1 with radiculitis, and right knee contusion. He assessed 24% impairment representing 10% for the lower back and 6% for the cervical/thoracic spine. The claims administrator thereafter granted Mr. Thomas a 24% permanent partial disability award. He was granted a permanent total disability award on October 12, 2004.

In an October 18, 2012, letter, Dr. Kropac stated that Mr. Thomas's current symptoms were the result of the compensable injury and not related to any degenerative changes. He asserted that the current medications were medically necessary and related to the compensable injury.

Ramanathan Padmanaban, M.D., performed an independent medical evaluation on July 18, 2013, in which he evaluated Mr. Thomas's lumbar spine. He found he had reached maximum medical improvement. Dr. Padmanaban opined that Mr. Thomas had a lumbar sprain/strain which should have resolved within three to four months. He further opined that he did not require further treatment for his lumbar spine. He found Mr. Thomas had pre-existing lumbar degenerative disc disease, which was seen in x-rays the day of the injury and an MRI a few months after the injury. His symptoms were determined to be the result of a progression of his pre-existing degenerative condition.

In a December 17, 2013, letter, Dr. Kropac stated that he reviewed Dr. Padmanaban's independent medical evaluation. He disagreed with Dr. Padmanaban's conclusion that the current symptoms were not related to the compensable injury. Dr. Kropac stated that Mr. Thomas has objective pathological findings regarding his knee and back that were a direct result of the compensable injury. He said these findings were verified by MRI with regard to the disc herniation and patellofemoral crepitation. Because both conditions are chronic, it was anticipated that Mr. Thomas would have ongoing symptoms and require ongoing medication for control of the symptoms.

On July 10, 2014, the claims administrator authorized the medications Voltaren, Zantac, Ultram, and Hydrocodone from July 10, 2014, to October 31, 2014. It also approved TENS supplies for the same period. The Order stated that the medications and supplies were authorized for ninety days only to allow Mr. Thomas time to find an alternative payment source as they were not related to the compensable injury.[1] The claims administrator again denied the medications and supplies on January 7, 2015.

---

[1] This decision was not appealed.

The Office of Judges affirmed the claims administrator's decision in its August 12, 2015, Order. It found that the only evidence presented that listed the compensable conditions in the claim was the independent medical evaluation of Dr. Padmanaban in which stated that the compensable diagnoses were lumbar sprain and dysthymic disorder. The Office of Judges noted that Mr. Thomas had received a permanent total disability award in 2003. The Office of Judges further noted that the July 10, 2013, claims administrator decision authorizing a ninety day supply of medication in order to allow time to find alternative payment sources because the medication was not reasonably required for the compensable injury was based on Dr. Padmanaban's independent medical evaluation. The Office of Judges concluded that Mr. Thomas failed to show by a preponderance of the evidence that the requested treatment is necessary for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 9, 2016.

After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. Mr. Thomas has failed to provide sufficient evidence to show that the requested medications and supplies are necessary for the treatment of the compensable injury. Dr. Padmanaban found that he had reached maximum medical improvement and required no further treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3